UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

——————————————————————————

| | |
|---|---|
| ROBERT CLAUDIO, | : |
| Petitioner, | : |
| | : |
| v. | :    No. 5:24-cv-00572 |
| | : |
| DAVID PENSCHICHEN, *WARDEN OF NCP*; | : |
| MS. JANE DOE, *CLERK OF THE COURT* | : |
| *NORTHAMPTON COUNTY COURT OF* | : |
| *COMMON PLEAS*; and GEORGE NASSIF, | : |
| *NORTHAMPTON COUNTY PUBLIC DEFENDER,* | : |
| Respondents. | : |

——————————————————————————

**O P I N I O N**
**Report and Recommendation, ECF No. 6 – Not Adopted**

**Joseph F. Leeson, Jr.**                                                      **May 16, 2024**
**United States District Judge**


## I.       INTRODUCTION

Petitioner Robert Claudio filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 challenging his pre-trial detention.  After Magistrate Judge Jose R. Arteaga issued a

Report and Recommendation ("R&R") recommending that the habeas claims be dismissed as

unexhausted, Claudio was found guilty following a jury trial.  In light of these intervening

circumstances, the R&R is not adopted.  Instead, the habeas petition is dismissed as moot.

## II.      BACKGROUND

Claudio was arrested on September 18, 2023, by Palmer Township police on two counts

of Aggravated Assault, as well as Resisting Arrest, Obstruction, and summary offenses.  *See*

*Com. v. Claudio*, No. MJ-03209-CR-0000240-2023 (Magisterial District Judge 03-2-09 filed

Sept. 18, 2023).  Following a preliminary hearing on December 8, 2023, charges were held for

court.  *See Com. v. Claudio*, No. CP-48-CR-0003071-2023 (Northampton Cty Ct. Com. Pleas filed Dec. 8, 2023).

On February 1, 2024, Claudio filed a § 2241 habeas petition in the above-captioned action alleging that he is incarcerated in violation of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights for four reasons: (1) his warrantless arrest was pretextual and lacked probable cause, (2) he has been held in custody without a hearing, (3) he has not heard a response to his motions and letters from either the court or his public defender, and (4) he has "been effectively denied bail" because his bail was increased from $25,000 to $100,000.  *See* Habeas, ECF No. 1.  As relief, Claudio seeks "immediate discharge from custody pending the final resolution of these untried charges."  *Id.* ¶ 8.

A few days after initiating this habeas action, the state court scheduled trial for April 30, 2024.  *See Claudio*, No. CP-48-CR-0003071-2023.  On February 15, 2024, Claudio was formally arraigned on the state charges.  *See id.*

On March 7, 2024, Magistrate Judge Jose R. Arteaga issued an R&R finding that the habeas claims, which Claudio admitted had not been reviewed by the state court, were unexhausted.  Determining that there were no extraordinary or exceptional circumstances warranting habeas relief, Magistrate Judge Arteaga recommended that the habeas petition be dismissed without prejudice.  *See* R&R, ECF No. 6.  Claudio filed objections to the R&R.  *See* Obj., ECF No. 8.

On April 30, 2024, Claudio was found guilty following a jury trial in the Northampton County Court of Common Pleas.  *See Claudio*, No. CP-48-CR-0003071-2023.  Sentencing is scheduled for July 1, 2024.  *See id.*

### III.    LEGAL STANDARDS

####    A.    Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process").  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

####    B.    Certificate of Appealability – Review of Applicable Law

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

IV.     ANALYSIS

Where, as here, "a habeas petitioner is challenging pretrial custody, once the petitioner is convicted or pleads guilty, the habeas petition is rendered moot."  *Allen v. Sletvold*, No. 23-3195, 2024 U.S. Dist. LEXIS 81449, at *5, *adopted by* 2024 U.S. Dist. LEXIS 80089 (E.D. Pa. May 2, 2024).  After de novo review and considering Claudio's conviction on April 30, 2024, this Court concludes that the habeas claims, all of which challenge his pretrial detention, are moot.  *See id.*; *Garner v. Phila. Prison Sys.*, No. 16-3283, 2016 U.S. App. LEXIS 24035, at *1 (3d Cir. Nov. 15, 2016) ("Garner's claims pertaining to his pretrial detention have been mooted by his subsequent conviction.").  Moreover, because the only relief Claudio seeks in his habeas petition is release from custody pending resolution of the state charges, there is no longer a case or controversy. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)  ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *Kline v. McGee*, No. 21-2018, 2022 U.S. Dist. LEXIS 250391, at *3-4 (concluding that because the only relief sought in the habeas petition was release from confinement prior to his violation hearing, there was no longer a live case or controversy once the hearing was held), *adopted by* 2024 U.S. Dist. LEXIS 66744 (E.D. Pa. Apr. 10, 2024).  The habeas petition is therefore dismissed.

There is no basis for a certificate of appealability.  *See Alford v. Warden Monroe Cty. Corr. Facility*, No. 21-2231, 2021 U.S. App. LEXIS 38711, at *1 (3d Cir. Oct. 14, 2021) ("Jurists of reason would not debate that Appellant's claims pertaining to his pretrial detention have been rendered moot by his conviction.").

**V.      CONCLUSION**

The habeas petition challenges Claudio's pretrial detention, but he has since been convicted on the charges.  His petition is therefore moot and is dismissed.  Because the conviction occurred after the R&R was issued, the reasoning therein is no longer applicable and it is not adopted.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
